HUGH JOHNSON *v.* DANIEL McARTHUR.

Where a defendant in a case at law, pending at the adoption of the C. C. P., wishes, subsequently to such adoption, to place his defence upon some *equitable* principle, he must resort to an *action*, in the nature of a bill in equity, and the relief to be had thereby, in analogy to former practice, must be against *execution* in the suit so pending, all other opposition to the plaintiff's recovery being waived :

*Therefore*, where the plaintiff, in a *civil action*, alleged that the defendant therein had previously brought actions of *trespass*, and of *ejectment*, against him, which were still pending, and that the title sought to be enforced by such defendant, was based upon a deed that was fraudulent in equity, and prayed that such deed should be delivered up for cancellation ; and also moved for and obtained an injunction against the further prosecution of the previous suits : *Held*, that the order should be vacated, and the action dismissed.

(*Williams* v. *Sadler*, 4 Jon. Eq. 378, and *McArthur* v. *Johnson*, Phil. 317, cited and approved.)

INJUNCTION, ordered by *Russell, J.*, at Spring Term 1870, of ROBESON Court.

The prayer for judgment in the action to which the order was incidental, was, that a certain deed should be surrendered for cancellation; the *order* on motion of the plaintiff, was, that two suits, one of *trespass,* and one of *ejectment,* brought by the present defendant against the present plaintiff, and still pending,—being suits based upon a title created by such deed, should be *stayed.*

From this order, the defendant appealed.

The facts are stated in the Opinion.

*Leitch,* for the appellant.
*N. A. McLean, contra.*

DICK, J. The plaintiff alleges that he is seized and possessed of the land in question, under a deed from John L. McArthur, founded upon a *bona fide* and valuable consideration. The defendant also claims title from John L. McArthur, under a deed executed to Angus L. McArthur, which is prior in date to the deed of the plaintiff. Before the adoption of the Code of Civil Procedure, the defendant commenced an action of trespass, Q. C. F., and also an action of ejectment, to recover damages, and obtain possession of said land. The action of trespass, has been before this Court, and the title of the defendant has been declared valid at law: *McArthur* v. *Johnson,* Phil. 317.

These actions are still pending, and as the plaintiff in this case has no legal defence, he now seeks by this civil action, the equitable relief of having the deed of Angus L. McArthur cancelled for fraud in the consideration. If the said actions at law had been commenced after the adoption of the Code of Civil Procedure, the present plaintiff might have set up his equity as a counter-claim: C. C. P., sec. 101. But, as those actions are to be governed by the laws existing at the time they were commenced, a civil action in the nature of a bill

in equity, is the only remedy which the plaintiff can have, and it must be governed by the rules and principles formerly established and observed in Courts of Equity. A Court of Equity would not interfere by injunction to stay a trial at law, where a party was attempting to assert his legal title, but would stay the *execution* when an equitable element was involved, until the equities of the parties to the action at law were ascertained and adjusted.

The plaintiff's ground for equitable relief in this case is, that he has the equitable title to the land, and cannot set up a legal defence to the actions of the defendant. He ought, therefore, to have submitted to a judgment in said actions, before he invoked the equitable jurisdiction of the Court to furnish the adequate relief which could not be obtained in the actions at law. He cannot be allowed, according to the course of the Court, to take his chances in two actions, respecting the same matter of controversy. These rules and principles of Courts of Equity are too well settled to need further discussion: *Williams* v. *Sadler*, 4 Jon. Eq. 378.

The injunction must be vacated, and the action dismissed. Let this be certified, &c.

PER CURIAM.                    Ordered accordingly.